IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| U CAN RENT, LLC & PAMELA PRITCHETT, LAKELAND ATLANTIC DRIVING SCHOOL, LLC, and MARCO LASHIN, all on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | CASE NO. 2:17-cv-00736-MHT-WC<br><br>MOTION TO STRIKE OR DISMISS PLAINTIFFS' CLASS DEFINITIONS UNDER RULE 23(d)(1)(D) AND RULE 12(f) |

## NISSAN NORTH AMERICA, INC.'S MOTION TO STRIKE OR DISMISS PLAINTIFFS' CLASS DEFINITIONS AND INCORPORATED MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 23(d)(1)(D),[1] the Court should strike or dismiss Plaintiffs' nationwide class definitions because the purported classes as defined cannot be certified as a matter of law under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). As pleaded, Plaintiffs seek to certify two nationwide classes, but, under *Bristol-Myers Squibb*, this Court does not have personal jurisdiction over Nissan North

---

[1] Federal Rule of Civil Procedure 12(f) also authorizes the Court to strike an unworkable class definition.

America, Inc. ("NNA") as to the claims of absent members of the putative class who did not purchase their automobiles in Alabama and whose claims lack a sufficient connection with Alabama to allow them to be adjudicated in a court in this state.

## RELEVANT ALLEGATIONS

In their amended complaint, two citizens of Alabama and two citizens of Florida assert nationwide class claims for breach of warranty, unjust enrichment, and alleged Magnuson-Moss Act violations against NNA, in addition to Florida state statutory claims on behalf of a Florida subclass and Alabama common law fraud and suppression claims on behalf of an Alabama subclass.[2]  The purported nationwide class definitions are:

   a. All consumer residents in the United States who own, owned, lease, or leased an Affected Vehicle ("Consumer Subclass");

   b. All entities in the United State who own, owned, lease, or leased an Affected Vehicle ("Business Subclass") . . . .

(Doc. 22 ¶ 33.).  Subject matter jurisdiction is premised solely on the expanded diversity provisions of the Class Action Fairness Act.  (*Id.* ¶ 8.)

## ARGUMENT

The Court should strike Plaintiffs' nationwide class definitions.  The Court lacks personal jurisdiction over NNA as to the claims of absent putative nationwide

---

[2] In separate motions filed concurrently herewith, NNA is moving to dismiss the claims of the two named Florida plaintiffs on personal jurisdiction grounds under Rule 12(b)(2) and moving to dismiss all claims asserted by Plaintiffs in their Amended Complaint under Rule 12(b)(6).

class members who are not Alabama citizens and did not acquire their vehicles in Alabama.

## I. PLAINTIFFS' PROPOSED NATIONWIDE CLASS ALLEGATIONS MAY BE STRICKEN UNDER RULE 12(f).

Under the Supreme Court's recent pronouncements in *Bristol-Myers Squibb*, the Court can exercise jurisdiction over NNA in Alabama only to the extent that the Court has personal jurisdiction over NNA as to the claims being asserted by each claimant. While NNA is subject to specific personal jurisdiction in Alabama with respect to persons and entities who purchased their vehicles from NNA dealers in Alabama, the challenged class definitions are not so limited. Instead, the Plaintiffs seek to represent two nationwide classes that also include non-residents of Alabama and business entities whose states of incorporation and principal places of business are outside of Alabama, neither of which acquired their vehicles in this state.

Rule 12(f) authorizes this Court to strike "any redundant, immaterial, impertinent or scandalous matter." In addition, Rule 23(d)(1)(D) authorizes a motion to strike class allegations by allowing courts to issue an order "requiring that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."

Where a proposed class, as a matter of law, cannot be certified, several courts have stricken class definitions or allegations. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D.

3

689, 696–99 (M.D. Ga. 2012) (striking class allegations in breach of contract suit because it was facially apparent that individualized issues of liability predominated over common ones); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) ("Where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification."); *Earnest v. Gen. Motors Corp.*, 923 F. Supp. 1469, 1473 (N.D. Ala. 1996) (striking class allegations where it was apparent that plaintiff could not satisfy requirements of Rule 23); *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481–82 (M.D. Ga. 1995) (striking class allegations and stating that "awaiting further discovery will only cause needless delay and expense"); *see also Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 934 (11th Cir. 2016) (recognizing that "it is sometimes possible to decide the propriety of class certification from the face of the complaint"); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997) (concluding that Rule 23(b)(3)'s predominance requirement could not be satisfied, and that such failure was "readily apparent from a reading of the . . . complaint"); *In Re Yasmin & Yaz Marketing*, 275 F.R.D. 270, 274–79 (S.D. Ill. 2011); *Lyons v. Bank of Am.*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989–91 (N.D. Cal. 2009).

## II. *BRISTOL-MYERS SQUIBB* CONFIRMS THE WELL-ESTABLISHED RULE THAT EACH CLAIM MUST SATISFY THE CONSTITUTIONAL REQUIREMENTS OF DUE PROCESS.

The due process clause of the Fourteenth Amendment protects defendants from being subjected to personal jurisdiction in a state unless the defendant has sufficient minimum contacts with that state. *Int'l Shoe Co v. Washington*, 326 U.S. 310, 316 (1945); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Two kinds of contacts can satisfy this constitutional requirement: contacts with a state that are related to a particular plaintiff's claim—which give rise to *specific* jurisdiction—and systematic contacts with a state that are so pervasive that a defendant can be fairly said to be at home there—which give rise to *general* jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984). In *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), the United States Supreme Court reaffirmed this rule and applied it to multi-plaintiff actions where the plaintiffs live in different states.

The plaintiffs in *Bristol-Myers Squibb* included 86 California residents and 592 non-California residents, all of whom joined their claims together in actions brought in state court in California. 137 S. Ct. at 1778. The non-resident plaintiffs' claims did not arise out of contacts the defendant had with California. *Id.* The United States Supreme Court held that the California state courts lacked jurisdiction over the defendant as to the claims of the nonresident plaintiffs because the conduct

5

relevant to the nonresident plaintiffs' claims had no connection to California. *Id*. at 1781. "The relevant plaintiffs are not California residents and do not claim to have suffered harm in that State. In addition . . . all the conduct giving rise to the nonresidents' claims occurred elsewhere." *Id*. at 1782. There is no "sliding scale" that allows contacts between the defendant and the *resident* plaintiffs to compensate for the defendant's lack of contacts with the *nonresident* plaintiffs in the forum state. *Id*. at 1781.

Without contacts related to the particular plaintiff's claim, the defendants' other contacts with the forum must be so pervasive and continuous as to give rise to general jurisdiction. *Bristol-Myers Squibb*, 137 S. Ct. at 1783. General jurisdiction exists only where a corporation is "essentially at home"—that is, where it is incorporated and where it is headquartered. *Id.* at 1780; *Daimler AG v. Bauman*, 134 S. Ct. 746, 760–62 (2014). Plaintiffs here cannot contend that NNA is subject to general jurisdiction in Alabama, as they plead that NNA is both headquartered and incorporated in California.[3]

The importance of limiting a case to its proper jurisdictional confines early is emphasized in a recent decision by the Missouri Court of Appeals, which vacated on personal jurisdiction grounds a $72 million jury verdict in favor of an Alabama

---

[3] The allegation is factually incorrect. NNA's principal place of business is in Tennessee. This does not change the personal jurisdiction analysis.

6

plaintiff who had brought suit in Missouri. *Estate of Fox v. Johnson & Johnson*, No. ED 104580, 2017 WL 4629383, at *2 (Mo. Ct. App. Oct. 17, 2017). The court found that even though the case had progressed through a full jury trial, *Bristol-Myers Squibb* compelled the conclusion that the defendant was not subject to personal jurisdiction as to the claims of the Alabama plaintiff. *Id*.

Moreover, *Bristol-Myers Squibb* has likewise already led courts to refuse to entertain claims on behalf of putative class members that did not arise in the forum state:

- *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017);

- *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-00165-PHX-DLR, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017);

- *Spratley v. FCA US LLC*, No. 3:17-CV-0062, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017); and

- *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. 16-665, 2017 WL 3129147, at *9 (E.D. Pa. July 24, 2017).

These results are consistent with lower-court class decisions predating *Bristol-Myers Squibb*. *See*, *e.g.*, *Demedicis v. CVS Health Corp.*, No. 16-cv-5973, 2017 WL 569157, at * 4–5 (N.D. Ill. Feb. 13, 2017) (dismissing non-resident, absent class members' claims); *Demaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145, at *8 (N.D. Ill. Feb. 1, 2016) (same).

## III. NNA IS NOT SUBJECT TO PERSONAL JURISDICTION IN ALABAMA AS TO THE CLAIMS OF PUTATIVE CLASS MEMBERS WHO ARE NOT CITIZENS OF ALABAMA AND WHOSE VEHICLES WERE NOT PURCHASED IN ALABAMA.

NNA is not subject to either general or specific personal jurisdiction in Alabama on claims by members of Plaintiffs' putative classes who are not citizens of Alabama and whose vehicles were not purchased in Alabama.

*Specific Jurisdiction*: The claims here are about whether warranties have been breached, whether the Magnuson-Moss Warranty Act has been violated, or whether NNA has been unjustly enriched with respect to vehicles purchased by members of the putative classes. The claims of non-resident putative class members whose vehicles were purchased outside Alabama obviously do not arise out of any contacts NNA has with Alabama. By definition, those putative class members' claims arose either where they reside or where the vehicles were purchased—outside of Alabama. Moreover, their claims relate to alleged conduct by NNA that has no connection with Alabama. NNA has no relevant alleged connection to Alabama that can sustain specific jurisdiction as to the claims of nonresidents of Alabama whose cars were purchased in other states.

*General Jurisdiction*: Plaintiffs affirmatively allege NNA is a California corporation with its principal place of business in California. (Doc. 22 ¶ 6.) General jurisdiction does not exist over NNA in Alabama. *Daimler*, 134 S. Ct. at 761; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927–28 (2011).

8

## IV. THE PRESENCE OF A MAGNUSON-MOSS ACT CLAIM DOES NOT CONFER NATIONWIDE PERSONAL JURISDICTION.

One potential distraction can be quickly addressed. *Bristol-Myers Squibb* arose from a state-court suit, and it left open the possibility that the personal jurisdiction analysis may be different in federal court. *Bristol-Myers Squibb*, 137 S. Ct. at 1784. Though the Court did not specifically address how a defendant's constitutional protections might be different in state court and federal court, the Court plainly had in mind certain causes of action that arise under federal law and permit nationwide service of process, which only a handful of federal statutes do.[4] *See* Fed. R. Civ. P. 4(k)(1)(C). And the Eleventh Circuit has noted that personal jurisdiction under a federal statutory claim is evaluated under the Fifth Amendment, not the Fourteenth Amendment. *See S.E.C. v. Carrillo*, 115 F.3d 1540, 1543 (11th Cir. 1997). *See also Omni Capital Int'l, Ltd.* v. *Rudolf Wolff & Co.*, 484 U.S. 97, 102 n.5 (1987).

Whatever academic question may remain about the interplay between *Bristol-Myers Squibb* and cases brought under federal laws having nationwide service of process provisions, that question does not apply to Plaintiffs' claims arising solely under state law, to a claim under the Magnuson-Moss Act, which lacks a nationwide

---

[4] Such statutes include the Securities Exchange Act, ERISA, RICO, and the Foreign Sovereign Immunities Act. They do not include the Magnuson-Moss Act. *See Bluewater Trading LLC v. Fountaine Pajot, S.A.*, 2008 WL 2705432, at *2 (S.D. Fla. July 9, 2008), *aff'd*, 335 F. App'x 905 (11th Cir. 2009).

9

service of process provision, or to a complaint that relies solely on CAFA diversity jurisdiction. *See*, *e.g.*, *Spratley*, 2017 WL 4023348, at *7 (considering *Bristol Myers Squibb* and rejecting pendent personal jurisdiction theory over out-of-state proposed class members' state law claims because there was no claim for which there was nationwide personal jurisdiction and no relationship between the claims asserted and defendant's in-state activities); *see also Famular v. Whirlpool Corp.*, 2017 WL 2470844, at *6 (S.D.N.Y. June 7, 2017) (rejecting "non-traditional application of pendent personal jurisdiction . . . where a foreign defendant, subject to specific personal jurisdiction with respect to state law claims brought pursuant to the law of the forum state, contests pendent personal jurisdiction with respect to state law claims brought by other plaintiffs pursuant to the laws of non-forum states").

A federal court exercising diversity jurisdiction follows the same personal jurisdiction rules as the state in which it sits. *See*, *e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–74 (1985) (applying Fourteenth Amendment analysis to diversity case brought in federal court). The same is true when, like here, federal causes of action are also asserted, but do not authorize nationwide service of process. *See Jayco, Inc. v. Nat'l Indoor RV Ctrs. LLC*, 2017 WL 4270201, at *4 (N.D. Ind. Sept. 26, 2017) ("The federal statutes at issue in this case don't authorize[ ] nationwide service of process, so personal jurisdiction is governed by [the forum state's] long-arm statute, which extends personal jurisdiction to the outer limits of

the Fourteenth Amendment's Due Process Clause.") (citations omitted). And it does not matter that this case is a putative class action. As one of the courts dismissing a defendant from a class action under *Bristol-Myers Squibb* already recognized: "The constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case." *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017).

## **CONCLUSION**

The Court should dismiss or strike Plaintiffs' nationwide class definitions and associated class allegations because NNA is not subject to personal jurisdiction as to the claims of the putative class members who are not Alabama residents and did not purchase their vehicles in Alabama.

Respectfully submitted on this, the 12th day of February, 2018.

        s/ Charles A. Stewart III
        Charles A. Stewart III (ASB-4955-a56c)
        cstewart@bradley.com
        Jonathan C. "Rudy" Hill (ASB-9459-a64h)
        rhill@bradley.com
        Sarah S. Osborne (ASB-2064-v86y)
        sosborne@bradley.com
        **BRADLEY ARANT BOULT CUMMINGS LLP**
        445 Dexter Avenue, Suite 9075
        Montgomery, AL  36104
        Telephone:  (334) 956-7608
        Facsimile:   (334) 956-7808


        Michael R. Pennington (ASB-0178-t63m)
        mpennington@bradley.com
        **BRADLEY ARANT BOULT CUMMINGS LLP**
        1819 Fifth Avenue North
        Birmingham, AL  35203
        Telephone:  (205) 521-8391
        Facsimile:   (205) 488-6391


        E. Paul Cauley, Jr. (admitted *pro hac vice*)
        paul.cauley@dbr.com
        S. Vance Whittie (*pro hac vice* application forthcoming)
        vance.wittie@dbr.com
        **DRINKER BIDDLE & REATH LLP**
        1717 Main Street, Suite 5400
        Dallas, TX  75201-7367
        Telephone:  (469) 357-2503
        Facsimile:   (469) 327-0860

*Attorneys for Defendant Nissan North America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 12th day of February, 2018, I have electronically filed the foregoing through the CM/ECF online filing system, which will automatically send e-mail notification to all attorneys of record, each of whom is a registered participant in the Court's notice and filing system and each of whom may access said filing via the Court's CM/ECF system.

                                           s/Charles A. Stewart III
                                           OF COUNSEL